United States District Court
Southern District of Texas
**ENTERED**
December 05, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-07-400-2 |
| | § | |
| MIGUEL ZAMORA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant's sixth *pro se* motion or supplemental motion for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docket Entry No. 475.) The record shows that defendant sought a compassionate release from this Court on February 21, 2020, November 20, 2020, August 9, 2021, March 2, 2022, October 25, 2022, and on September 18, 2023 (the pending motion).[1] The Court denied defendant's earlier motions and, for the reasons discussed below, denies the pending motion.

### I. BACKGROUND

Defendant pleaded guilty in 2008 to one count of conspiracy with intent to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana, and one count of conspiracy to commit money laundering. Based on the quantity of drugs involved and findings that defendant was the leader of a large drug trafficking conspiracy who served as a conduit between Mexican and American cartels, the Court sentenced him to life in prison in 2010. The Court reduced the sentence in 2015 to a 360-month term of imprisonment

---

[1] Defendant's earlier motions were denied by a former district judge of this Court. The case was reassigned to the undersigned district judge on September 21, 2023.

pursuant to United States Sentencing Guidelines Amendment 782. (Docket Entry No. 474, p. 1.)

In the instant motion, defendant argues that he is entitled to a compassionate release due to COVID-19, his age and deteriorating health conditions, his post-sentencing rehabilitation efforts, and sentencing discrepancies. Defendant reports that he has served 15 years, or approximately one-half of his sentence, which he claims is sufficient for rehabilitative purposes.

## II. ANALYSIS

### A. Health Issues

The instant motion stands as defendant's third attempt to obtain a compassionate release based on his medical conditions or claims of seriously deteriorating health. (Docket Entries No. 424, 465, 475.)

On July 16, 2021, the United States magistrate judge filed a Report and Recommendation ("R & R") as to defendant's first motion. The R & R noted that defendant's medical records indicated he was being treated and monitored for several active medical conditions, but that there was no apparent deterioration in his mental or physical health. (Docket Entry No. 450, pp. 3–4.) The R & R recommended that the motion be denied. The district court judge adopted the R & R and denied defendant's first motion for a compassionate release. (Docket Entry No. 455.)

On January 6, 2023, the Court denied defendant's fourth motion for a compassionate release, which sought relief predicated on COVID-19 and numerous health issues. In denying the motion, the Court considered defendant's health issues and ruled as follows:

> In addition to Covid-19, Zamora complains that he suffers from obesity, hypertension, cysts, hernia[s], and orthopedic problems. While these are unfortunate, the government correctly notes that they are not uncommon among people Zamora's age, and that he is receiving appropriate medical treatment in prison. These health issues are neither extraordinary nor compelling, and do not justify compassionate release.

(Docket Entry No. 474.)

In the instant motion for a compassionate release, defendant again lists the health issues for which he unsuccessfully sought relief in his earlier motions, and states that "[w]hile [my] ailments are much the same, [my] physical condition has deteriorated." (Docket Entry No. 475, p. 2.) Defendant cites his advanced age and "rapid deterioration" of his mental and physical health as grounds for his release from prison, and has submitted his current prison medical records for the Court's review.

Because the Court most recently determined on January 6, 2023, that defendant's medical conditions did not warrant a compassionate release, the Court has carefully reviewed defendant's updated medical records for any changes substantiating his claim of a rapid deterioration in his medical conditions. To that end, the Court notes that defendant's age has not materially changed since the Court's order of January 6, 2023; defendant was 71 years of age at that time and he is currently 72 years of age. While defendant's age is

3

considered "advanced" under the applicable provisions of section 3582(c)(1)(A), advanced age is not an independent ground for a compassionate release.

Defendant's medical records do not support his claim of undergoing a serious or rapid deterioration in his mental or physical health. To the contrary, his motion refers to medications, treatment, and conditions that appear in his medical records dating back several years, and his 2023 medical records reflect a continuation of those medications, treatments, and conditions. The records do not support a finding that defendant is presently experiencing a serious deterioration of his mental or physical health due to the aging process that hinders his ability to care for himself in prison and from which he is not expected to recover. His health issues are chronic conditions for which he has been receiving care and medical management for several years, and he is able to provide self-care within the prison environment. Although he understandably argues that his medical ailments "negatively impact his quality of life" in prison, impaired quality of life is not a recognized metric for relief under section 3582(c)(1)(A). No extraordinary and compelling reasons for granting a compassionate release are shown.

B.  COVID-19

Nor does defendant show extraordinary and compelling reasons warranting a compassionate release in light of COVID-19. The Court noted in its order of January 6, 2023, that defendant was fully vaccinated and that his medical conditions were being managed through the prison health care system. The Court determined that, "[u]nder the

4

current circumstances, the Covid-19 [*sic*] does not constitute extraordinary and compelling reasons to justify compassionate release." (Docket Entry No. 474, p. 4.)

Defendant's pending motion re-urges arguments raised and rejected by the Court in his fourth motion, and he fails to show that COVID-19 or its variants constitute an extraordinary and compelling reason for the granting of a compassionate release.

C. <u>Sentencing Disparity</u>

As an additional ground for relief in the instant motion, defendant argues that his 360-month sentence warrants a reduction due to sentencing disparity. In support, he references statistics covering both state and federal convictions for criminal offenses unrelated to his own, and cites various cases from other jurisdictions where sentences were reduced for disparate reasons. No sentencing disparity is shown as to defendant's own sentence and circumstances, and he shows no entitlement to a sentence reduction.

D. <u>Sentencing Factors</u>

Because defendant demonstrates no extraordinary and compelling reasons for a compassionate release, the Court will not address section 3553(a) sentencing factors or potential rehabilitation. *See Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021); *see also United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *United States v. Thompson*, 984 F.3d 431, 433–35 (5th Cir. 2021).

If the Court were to address the sentencing factors, it would agree with and reiterate the reasoning set forth by the United States magistrate judge in the R & R of July 16, 2021

5

(Docket Entry No. 450, pp. 4–6), as adopted by the federal district judge (Docket Entry No. 455), finding that the sentencing factors in defendant's case warranted against a compassionate release. The R & R adequately addressed the sentencing factors in defendant's case, and there has been no material change in those factors for purposes of the instant motion. Defendant states that he has completed adult education classes, remains involved in religious activities in prison as a spiritual leader and role model, and has continued to avoid prison incident reports or other negative behavior. Without doubt, defendant's achievements are commendable. Nevertheless, they do not provide a basis for granting a compassionate release in this case.

### III. CONCLUSION

For the above reasons, defendant's motion for a compassionate release (Docket Entry No. 475) is **DENIED WITH PREJUDICE**.

Signed at Houston, Texas, on this the 5th day of December, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE