IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. H-07-400-02 |
| § | |
| MIGUEL ZAMORA § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant's *pro se* motion for a sentence reduction (Docket Entry No. 480), to which the Government filed a response in opposition (Docket Entry No. 484). The motion is **DENIED** for the reasons shown below.

## I. BACKGROUND

Defendant pleaded guilty in 2008 to conspiracy with intent to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana, and conspiracy to commit money laundering. His total offense level was 44 with a criminal history category of III, resulting in a guideline sentence calculation of life imprisonment. (Docket Entry No. 250, p. 132). Based on the quantity of drugs involved and after finding that defendant was the leader of a large drug trafficking conspiracy between Mexican and American cartels, the Court sentenced him to life in prison in 2010.

The Court reduced the sentence in 2015 to a 360-month term of imprisonment based on United States Sentencing Guidelines ("U.S.S.G.") Amendment 782 (Docket Entry No. 379), which reduced his offense level from 44 to 42 and changed his sentencing guideline range to a term of imprisonment between 360 months and life.

## II.  ANALYSIS

Defendant claims he is entitled to a reduction based on amended U.S.S.G. § 4A1.1(d) Criminal History Category for those who received status points for being under a criminal justice sentence at the time of the offense.  Under this guideline, the status points provision of section 4A1.1(e) does not apply to defendants who present six or fewer criminal history points under the other portions of § 4A1.1.  Further, a defendant who presents seven or more criminal history points only receives only one additional criminal history point, not two.

The Government agrees that defendant is entitled to a reduction of two status points (Docket Entry No. 250, p. 108). This modification reduces his criminal history points from six to four but does not change his criminal history category of III. Because defendant's criminal history category and previously calculated guideline range do not change with application of the amended guideline, he is ineligible for a sentence reduction.

Because defendant is not eligible for a sentence reduction, the Court will not undertake consideration of any applicable § 3553(a) sentencing factors.

## III.  CONCLUSION

Defendant's motion (Docket Entry No. 480) is **DENIED**.

Signed at Houston, Texas, on this  15th day of October, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

2